UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONA SMITH,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>　　　　　　　　　Defendant. | Case No.: 18-CV-1463-JLS-WVG<br><br>**ORDER DENYING MOTION TO COMPEL** |

# I. <u>INTRODUCTION</u>

Presently before the Court is Defendant Aetna Life Insurance Co.'s Motion to compel production of Plaintiff Ona Smith's attorney-fee agreement. (Mot., ECF No. 22.) Plaintiff has opposed. (Opp'n, ECF No. 23.) For the reasons set forth below, the Court **DENIES** Defendant's Motion to compel.

# II. <u>RELEVANT BACKGROUND</u>

On June 26, 2018, Plaintiff Ona Smith filed a Complaint pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Section 1002, et seq. alleging Defendant Aetna Life Insurance Co. improperly terminated her disability benefits. (*See* ECF No. 1.) On January 7, 2019, the parties appeared before the undersigned at an Early Neutral Evaluation and Case Management Conference. At that time, the underlying

claims had been resolved and all that remained was a dispute regarding attorney's fees. Given this, the only discovery needed was a request by Defendant that Plaintiff produce her attorney-fee agreement. At the conference, Defendant formally requested the document and Plaintiff formally objected, citing relevance as the basis. Based on this, the Court granted Defendant's request for leave to file the present motion to compel.

## III. LEGAL STANDARD

Pursuant to Rule 26, a party:

> may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). The party "seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements" and the "party opposing discovery bears the burden of showing that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 280-81 (N.D. Cal. 2015); *see also Superior Communications v. Earhugger, Inc.*, 257 F.R.D. 215, 217 (C.D. Cal. 2009). "District courts have broad discretion in determining relevancy for discovery purposes." *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005); *see also U.S. Fidelity and Guar. Co. v. Lee Investments LLC*, 641 F.3d 1126, fn. 10 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery[.]").

## IV. DISCUSSION

Defendant seeks Plaintiff's retainer agreement. Plaintiff balks and is withholding same. No one would dispute that an attorney should be fairly compensated for his or her work. But an attorney, like a client, should not be unjustly enriched. But that is exactly what may occur here. This Court is constrained by well-settled Ninth Circuit law that in

2

18-CV-1463-JLS-WVG

ERISA cases, contingency fee retainer agreements can neither be used to enhance nor diminish a prevailing party's reasonable attorney's fees. *See Welch v. Metropolitan Life Insurance Co.*, 480 F.3d 942, 946 (9th Cir. 2007) ("the determination of reasonable hourly rate is not made by reference to the rates actually charged to the prevailing party"); *see also Carson v. Billings Police Dep't*, 470 F.3d 889, 892 (9th Cir. 2006) (holding that the prevailing market rate – not the individual contract between the applicant and the client – "provides the standard for lodestar calculations"); *Dowdy v. Metropolitan Life Insurance Co.*, 2019 WL 120730, at *5 (N.D. Cal. 2019) ("In other words, the question is not what *these* lawyers charged *these* paying clients") (emphasis in original).

It may be true, that the real measure of counsel's value is what is negotiated in the contingent fee contract. If counsel is willing to "settle" for a reduced payout then isn't that truly reflective of counsel's own determination of the value of the work performed?

It may be true, as Defendant argues, that the self-serving declarations of other ERISA counsel regarding their hourly rates are to be viewed with skepticism. A rising tide raises all ships so why wouldn't other ERISA attorneys inflate their own hourly rate in an effort to establish the new norm?

It may also be true that Plaintiff in this case has paid or is paying counsel for his services pursuant to the retainer agreement. Defendant has provided the Court with evidence that Plaintiff's past and future benefit checks shall be sent to Plaintiff's counsel. (Opp'n, Ex 5.) This is at least circumstantial evidence that Plaintiff's counsel is first deducting his contingent fee before sending Plaintiff the balance. If this is in fact the case, then the attorney's fees determined by the District Court to be fair and reasonable, should be offset by an equal amount obtained from Plaintiff. If in fact, Plaintiff's counsel has received nothing and expects to receive nothing from Plaintiff in compensation pursuant to the contingent fee agreement, then the retainer agreement, the Court would agree, is not relevant.

But none of this matters because the Ninth Circuit has unequivocally stated that "[a] district court may not rely on a contingency agreement to increase or decrease what it

determines to be a reasonable attorney's fee." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1048 (9th Cir. 2000). Given this, it is quite possible, and perhaps even probable, that Plaintiff's attorney will be more than fairly compensated, not only by virtue of the contingency fee agreement with Plaintiff, but also via compensation received directly from Defendant, resulting in a veritable windfall for counsel.

Relying on common sense, this Court finds the retainer agreement to be relevant to the instant controversy. However, under prevailing Ninth Circuit jurisprudence, it is not. This Court does not believe that Plaintiff's retainer agreement should be used to devalue Plaintiff's counsel's hourly lodestar fee nor to diminish the total fee due counsel for the hours and costs reasonably incurred. However, the existence of the retainer agreement and the contractual obligations imposed upon Plaintiff to compensate her attorney in some percentage amount of the overall award is relevant in determining whether Plaintiff's counsel is receiving an undue and unjustified windfall. In other words, Plaintiff's counsel's fees obtained out of Plaintiff's award should be used as an offset to any amount the District Court ultimately determines to be fair and reasonable for the services rendered.

But this approach has been rejected by the Ninth Circuit in ERISA cases and Defendant has not provided this Court with any persuasive authority to guide this Court in reaching a different result. Accordingly, and regrettably, this Court denies Defendant's request to compel Plaintiff to disclose the contingency fee agreement.

**IT IS SO ORDERED**.

Dated: March 25, 2019

_____
Hon. William V. Gallo
United States Magistrate Judge