UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONA SMITH, | Case No.: 18-CV-1463 JLS (WVG) |
| Plaintiff, | |
| v. | **ORDER OVERRULING DEFENDANT'S OBJECTION TO THE MAGISTRATE JUDGE'S ORDER** |
| AETNA LIFE INSURANCE CO.; and Does 1 to 10, inclusive, | |
| Defendant. | (ECF No. 25) |

Presently before the Court is Defendant Aetna Life Insurance Company's Objection to Magistrate Judge Gallo's March 25, 2010 Order ("Obj.," ECF No. 25). Plaintiff Ona Smith has filed an Opposition to ("Opp'n," ECF No. 26) and Defendant has filed a Reply in Support of ("Reply," ECF No. 27) the Objection. The Court vacated the hearing and took the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 28. After careful consideration of the Parties' submissions, the record in this matter, and the applicable law, the Court **OVERRULES** Defendant's Objection.

## BACKGROUND

On June 26, 2018, Plaintiff filed her Complaint pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002 *et seq.*, alleging that Defendant improperly terminated her disability benefits. *See generally* ECF No. 1.

On January 7, 2019, the Parties appeared before Magistrate Judge William V. Gallo for an Early Neutral Evaluation and Case Management Conference. *See* ECF No. 20. At the time, all underlying claims had been resolved and all that remained was a dispute regarding attorney's fees. *See* ECF No. 21 at 1; *see also* Decl. of Melissa M. Cowan ("Cowan Decl.," ECF Nos. 22-1, 25-3) ¶ 6; Decl. of Robert J. MeKennon ("McKennon Decl.," ECF No. 23-1) ¶ 4. As part of the dispute concerning Plaintiff's attorney's fees, Defendant formally requested that Plaintiff produce her attorney-fee agreement (the "Agreement") and Plaintiff formally objected. *See* ECF No. 21 at 1 n.1.

Accordingly, Magistrate Judge Gallo granted Defendant's request for leave to file a motion to compel, *see id.*, which Defendant filed on January 28, 2019. *See generally* ECF No. 22. Plaintiff filed her opposition on February 11, 2019. *See generally* ECF No. 23. On March 29, 2019, Magistrate Judge Gallo issued an order denying Defendant's motion to compel, concluding that Defendant's request was foreclosed by Ninth Circuit precedent. *See generally* ECF No. 24 ("Order").

Defendant filed the present Objection to Magistrate Judge Gallo's Order on April 8, 2019. *See generally* ECF No. 25.

## LEGAL STANDARD

A party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order. Fed. R. Civ. P. 72(a). The magistrate judge's order will be upheld unless it is "clearly erroneous or is contrary to law." *Id.*; *see* 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard of review applies to factual findings and discretionary decisions made concerning nondispositive pretrial discovery. *See F.D.I.C. v. Fid. & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000). The "clearly erroneous" standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc., v. Constr. Laborers Pension Tr. of S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted).

/ / /

/ / /

# ANALYSIS

In general, Defendant argues that the Agreement is relevant to determination of Plaintiff's attorney's fees. *See generally* Obj. Specifically, Defendant objects to Magistrate Judge Gallo's Order on three grounds: (1) the Order violates the Supreme Court's prohibition against windfalls and use of contingency multipliers, (2) the Ninth Circuit has "opened the door" to District Court consideration of whether Plaintiff has a hidden contingency multiplier, and (3) the Order incorrectly interprets Ninth Circuit authority regarding available remedies. *Id.* Plaintiff contends that because Ninth Circuit precedent does not allow consideration of contingency agreements when determining attorney's fees in an ERISA action, Defendant's arguments regarding potential windfall, or evidence thereof, are irrelevant. *See generally* Opp'n. Further, Plaintiff argues that Defendant misapplies Ninth Circuit authority to support production of the Agreement. *Id.* The Court reviews Magistrate Judge Gallo's Order under the "clearly erroneous" standard and finds that his interpretation of Ninth Circuit precedent and his determination thereunder that the Agreement is irrelevant are not clearly erroneous.

Specifically, Defendant contends that the Order misapplies the law regarding contingency agreements because it "relie[s] heavily on *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1048 (9th Cir. 2000) for the premise that the Ninth Circuit does not permit consideration of a contingency fee to reduce or increase what it determines to be a reasonable attorney's fee." Obj. at 7 (internal quotation marks omitted). Magistrate Judge Gallo acknowledges that there "is at least circumstantial evidence that Plaintiff's counsel is first deducting his contingent fee before sending Plaintiff the balance" and, if so, "the attorney's fees . . . should be offset by an equal amount obtained from Plaintiff," making the retainer agreement relevant. Order at 3. Nonetheless, Magistrate Judge Gallo concludes that "none of this matters because the Ninth Circuit has unequivocally states that '[a] district court may not rely on a contingency agreement to increase or decrease what it determines to be a reasonable attorney's fee.'" *Id.* at 3–4 (quoting *Van Gerwen*, 214 F.3d at 1048).

1    The Court concludes that Magistrate Judge Gallo's reading of the relevant Ninth

2    Circuit precedent is not clearly erroneous: Pursuant to binding Ninth Circuit precedent,

3    even if the Agreement were to show evidence of windfall, the Agreement is irrelevant, as

4    it cannot be used either way to inform the amount of attorney's fees. *See Quesada v.*

5    *Thomason*, 850 F.2d 537, 543 (9th Cir. 1988) (holding that district court abused its

6    discretion in applying downward multiplier to lodestar amount based on contingency

7    agreement); *see also City of Burlington v. Dague*, 505 U.S. 557 (1992) (holding that federal

8    fee-shifting statutes do not allow for upward adjustments to lodestar amount based on

9    contingency agreement).

10    Defendant also argues that "[other] case law cited in the Order did not determine

11    that contingency agreements cannot be considered to evaluate whether a retainer agreement

12    is discoverable." Obj. at 9. Although it is true that several cases relied on in the Order do

13    not deal with contingency agreements directly, those cases do underscore the Ninth

14    Circuit's steadfast disfavor of using attorney-client agreements to determine attorney's

15    fees.[1] Consequently, the Court does not find Magistrate Judge Gallo's citation to those

16    cases to be clearly erroneous.

17    Finally, Defendant contends that the Order "ignored the multi-pronged holding of

18    [*Welch v. Metropolitan Life Insurance Co.*, 480 F.3d 942 (9th Cir. 2007)]." Obj. at 13.

19    Defendant misleadingly cites to a portion at the end of the opinion stating that "the [district]

20    court may clarify the extent to which . . . [the attorney's rates] do in fact include a

21    contingency factor and reduce the hourly rate accordingly." *Id.* (citing *Welch*, 480 F.3d at

22    947–48.). But Plaintiff puts this quotation in context, revealing that the Ninth Circuit in

23    *Welch* previously clarified that "[t]he district court correctly observed that contingency

24    cannot be used to justify a fee enhancement, or an inflated rate" and that it was "unclear to

25    / / /

26

27    [1] Specifically, the Court refers to Defendant's citation to Magistrate Judge Gallo's use of *Carson v.*
28    *Billings Police Department*, 470 F.3d 889 (9th Cir. 2006), and *Dowdy v. Metropolitan Life Insurance Co.*,
       No. 15-cv-03764-JST, 2019 WL 120730 (N.D. Cal. Jan. 7, 2019). *See* Obj. at 8.

4

what extent, if any, the requested . . . rates included a 'contingency multiplier[.']" Opp'n at 14–15 (quoting *Welch*, 480 F.3d at 946–48).

Having read the opinion in its entirety, the Court finds that Judge Gallo's reading of *Welch* is not clearly erroneous. In *Welch*, the Ninth Circuit remains firm in its prohibition regarding consideration of contingency agreements to determine reasonable attorney's fees in cases of this nature. *See* 480 F.3d at 946–48.

The Court finds therefore finds that Magistrate Judge Gallo's denial of Defendant's motion to compel was neither clearly erroneous nor contrary to the law. The Court therefore **OVERRULES** Defendant's Objection to Magistrate Judge Gallo's Order.

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Defendant's Objection (ECF No. 25) to Magistrate Judge Gallo's March 25, 2019 Order Denying Motion to Compel.

**IT IS SO ORDERED.**

Dated: August 6, 2019

Hon. Janis L. Sammartino
United States District Judge

18-CV-1463 JLS (WVG)